IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : CRIMINAL NO. 00-565-02 |
| v. | : |
| | : |
| ROBERT WARNER | : |
| | : |

# MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **OCTOBER  27,  2008**

Presently before the Court is a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) filed by Defendant Robert Warner ("Warner").  For the reasons set forth below, the Motion is granted.

**I.    FACTS**

On January 18, 2002, Warner, following his plea of guilty to several crack-related offenses,[1] was sentenced by this Court to a prison term of 160 months.  Pursuant to § 2D1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), these offenses carried an offense level of 36.  However, due to his past criminal history, Warner was found to be a career offender, and his offense level was increased to 37.[2]  The Court deducted three points for

---

[1] Specifically, Warner pled guilty to conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base (21 U.S.C. § 846) (count one); possession of more than five grams of cocaine base with intent to distribute (21 U.S.C. § 841(a)(1) and (b)(1)(B)) (counts four and six); possession of more than 5 grams of cocaine base with intent to distribute within 1000 feet of a school (21 U.S.C. § 860) (count seven); and possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)) (count eight).

[2] Warner's two prior convictions both involved cocaine-related offenses.  In 1989, Warner was arrested and charged with "possession with intent to deliver cocaine" and "carrying a firearm during and in relation to a drug trafficking crime."  (Presentence Investigation Report ("PSR") at 7.)  Warner pleaded guilty and was sentenced to four years probation.  (Id.)  In 1995, Warner was arrested and charged with criminal conspiracy in connection with the sale of four packets of cocaine to an undercover police officer.  (Id.)  Warner was found guilty and was sentenced

acceptance of responsibility, which resulted in an offense level of 34.  Without the career offender enhancement, Warner's prior convictions would have resulted in a criminal history category of III and an offense level of 33, thus producing a sentencing range of 168-210 months.  However, due to Warner's status as a career offender, his criminal history category was calculated at VI.  Warner's Presentence Investigation Report states:  "Pursuant to U.S.S.G. 2D1.1, based on a total offense level of 34 and a criminal history category of VI, the guideline range for imprisonment is 262 to 327 months."  (PSR at 13 (emphasis deleted).)

At sentencing, this Court granted the government's Motion for Departure from the Sentencing Guidelines, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), because "Warner substantially assisted the government in the prosecution of his Co-defendant Michael Pearson." (Gov.'s Sentencing Memo. at 5.)  While the government requested a "modest departure" based on Warner's cooperation with the government (id. at 7), this Court elected to grant a substantial departure.  After considering the significance of Warner's cooperation and the guideline range under U.S.S.G. § 2D1.1, this Court sentenced Warner to 160 months.

Since the time of Warner's sentencing, the Sentencing Commission adopted Amendment 706, which altered § 2D1.1 of the Guidelines and reduced the sentencing ranges applicable to crack cocaine offenses.  See U.S.S.G. Supp. to App'x C, Amend. 706.  The Amendment reduced by two levels the base offense level for most crack cocaine offenses under § 2D1.1.  On December 11, 2007, the Commission voted to make these revised crack Guidelines retroactive. See id. at 1160.  As such, beginning March 3, 2008, any offender sentenced under §2D1.1 may move to have his sentence reduced pursuant to 18 U.S.C. § 3582.  Id.  Warner now seeks to have

---

to three to twelve months imprisonment, followed by a period of twelve months probation.  (Id.)

his sentence reduced pursuant to these recent amendments in the Guidelines and requests that this Court reduce his sentence pursuant to this section.

## II. DISCUSSION

"Generally, a district court may not alter a term of imprisonment once it has been imposed." U.S. v. Wise, 515 F.3d 207, 220 (3d Cir. 2008); see also 18 U.S.C. § 3582(c) (West 2008). A court may, however, modify a defendant's sentence if the sentence was based on a range that is later reduced by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). That statute states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Thus, in order to be eligible for a reduction under § 3582, a defendant's sentence must have been "based on" a sentencing range that is later reduced by the Commission, and a reduction in sentence must be consistent with the Commission's policy statement. Id. The Commission's policy statement is contained in U.S.S.G. § 1B1.10(a), which explains that a reduction in sentence "is not consistent with this policy statement if . . . . (ii) an amendment is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minium term of imprisonment)." U.S.S.G. § 1B1.10(a).

In order to determine whether Warner is eligible for a sentence reduction under § 3582, this Court must ascertain whether Warner's sentence was "based on" a Guideline range that was later reduced by the Commission. As noted above, the Commission recently amended § 2D1.1 of the Guidelines to allow for a two-level reduction for offenders sentenced under that section. See U.S.S.G. Supp. to App'x C, Amend. 706.

In calculating Warner's sentence, this Court considered both the significance of Warner's cooperation with the government as well as the guideline range under U.S.S.G. § 2D1.1, and elected to grant a substantial departure from a range of 262-327 months to 160 months based on these factors. Had the two-level reduction in the U.S.S.G. § 2D1.1 sentencing range been in effect at the time of Warner's sentencing, this Court could have relied on the lower applicable U.S.S.G. § 2D1.1 guideline range of 135-168 months in determining Warner's sentence. Therefore, this Court concludes that it would have lowered Warner's sentence based on the increased differential between the amended U.S.S.G. § 2D1.1 sentencing range and the career offender sentencing range. As the Application Notes to U.S.S.G § 1B1.10 state: "If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subsection (b)(1) may be appropriate." U.S.S.G § 1B1.10. Accordingly, this Court shall reduce Warner's sentence of imprisonment proportionately from 160 months (which is approximately 95% of 168, the figure at the low end of the original § 2D1.1 range) to 128 months (which is approximately 95% of 135, the figure at the low end of the amended § 2D1.1 range).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 00-565-02 |
| | : |
| ROBERT WARNER | : |

## ORDER

**AND NOW**, this 27th day of October, 2008, upon consideration of Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 83), and the Responses thereto, it is hereby **ORDERED** that the Defendant's Motion is **GRANTED**. Defendant's sentence is hereby reduced from 160 months to 128 months imprisonment.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY,            Sr. J.